# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-1883
Lower Tribunal No. 2007-CF-012555

_____

RYAN D. MAXEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Robert J. Egan, Judge.

March 6, 2026

MIZE, J.

Appellant, Ryan D. Maxey ("Maxey"), challenges the lower court's order vacating its prior order which granted Maxey's motion for removal of the requirement to register as a sexual offender under section 943.04354, Florida Statutes (2022). Because the trial court was correct that it did not have discretion to grant Maxey relief under section 943.04354, we affirm.

This Court reviews "a trial court's interpretation of a statute de novo." *Marlin Constr. Grp., LLC v. Bollinger*, 412 So. 3d 812, 815 (Fla. 6th DCA 2024). "In

matters involving statutory interpretation, courts must first look to the actual language of the statute and examine the statute's plain meaning." *Id.* (internal quotations omitted).

Under section 943.04354, "a person shall be considered for removal of the requirement to register as a sexual offender . . . only if the person . . . [w]as convicted . . . or adjudicated delinquent of a violation of" section 800.04, 827.071, or 847.0135(5), "is required to register as a sexual offender . . . solely on the basis of this conviction or adjudication," and "[i]s not more than 4 years older than the victim of this violation who was 13 years of age or older but younger than 18 years of age at the time the person committed this violation." § 943.04354(1)(a), (b)1., (c), Fla. Stat. Maxey was 28 years old when he committed a violation of section 847.0135(3) involving a perceived 14-year-old victim. Since the offense of which Maxey was convicted is not one of the offenses listed in section 943.04354, and Maxey also was more than four years older than the perceived victim of his offense at the time of the offense, Maxey did not qualify for consideration of removal from the sex offender registry under section 943.04354, and the trial court was correct to vacate its prior order granting Maxey's motion.

AFFIRMED.

TRAVER, C.J., and PRATT, J., concur.

2

Briana Fosah and Robert I. Mandell, of Mandell Law, P.A., Orlando, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED